**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KEI & CHRIS LLC,
Plaintiff,

Case No. 1:26-cv-05130
Hon. Andrea R. Wood

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"
Defendants.

___________________________________/

**DEFENDANTS MGLIFE AND MUXIU'S EXPEDITED MOTION TO DISSOLVE THE TEMPORARY RESTRAINING ORDER AND OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Defendants MGLIFE (Amazon storefront ID A2IR01G2ELH9B) and muxiu (Amazon storefront ID A3GOBHZLUTIB1V) (collectively, "Defendants"), by and through undersigned counsel, respectfully move on an expedited basis to dissolve the Temporary Restraining Order and oppose Plaintiff's request for a Preliminary Injunction. In support, Defendants state as follows:

## I. INTRODUCTION

The Court invited any party impacted by the Temporary Restraining Order to petition for relief on an expedited basis. Defendants do so now. The TRO should be dissolved and no Preliminary Injunction should issue for three independent reasons:

1. Plaintiff failed to disclose a directly related prior case in this District involving the identical copyright registration;

2. Plaintiff cannot establish a likelihood of success on the merits because it cannot prove the claimed first publication dates of its asserted works and does not enjoy the statutory presumption of validity; and

3. Plaintiff made material misrepresentations regarding Defendants' contact information, depriving this Court of personal jurisdiction and rendering electronic service improper under controlling Seventh Circuit authority.

## II. PLAINTIFF FAILED TO DISCLOSE A RELATED CASE

Plaintiff previously asserted the identical copyright registration VA 2-416-403 in *Kei & Chris LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A*, Case No. 1:25-cv-10656 (N.D. Ill.) (Judge Blakey).

In that case, the undersigned represented another defendant and challenged the validity of VA 2-416-403 based on prior art. Plaintiff thereafter dismissed that action with prejudice.

Plaintiff's failure to disclose this related case in the present action violates the duty of candor owed to the Court, particularly in an *ex parte* proceeding. The prior dismissal with prejudice after a validity challenge is highly relevant to Plaintiff's claimed likelihood of success and to the equities governing injunctive relief.

## III. PLAINTIFF CANNOT ESTABLISH LIKELIHOOD OF SUCCESS ON THE MERITS

A party seeking a temporary restraining order or preliminary injunction must make a clear showing of likelihood of success on the merits. Plaintiff cannot meet that standard.

**A. The Asserted VA 2-471-296 Copyright Lacks the Statutory Presumption of Validity**

In an apparent effort to overcome the prior-art problem that led to the dismissal with prejudice of Case No. 1:25-cv-10656, Plaintiff now relies on copyright registration VA 2-471-296 (the "'296 Copyright"). The certificate for the '296 Copyright states a claimed first publication date of January 6, 2005. The effective date of registration, however, is November 18, 2025—approximately 20 to 21 years later.

Under 17 U.S.C. § 410(c), a registration certificate constitutes prima facie evidence of the validity of the copyright and of the facts stated in the certificate only if registration is made before or within five years after first publication. Because registration of the '296 Copyright occurred far outside that statutory window, Plaintiff is not entitled to the presumption. The evidentiary weight of the certificate is left entirely to the Court's discretion, and Plaintiff must affirmatively prove the facts of ownership and the claimed 2005 publication date.

Plaintiff has not done so. Although Plaintiff submitted an assignment from TYPO Craft LLC (Dkt. 1-1), it has produced no competent evidence of any first publication in 2005 (or at any other date that would support the registration). Defendants specifically requested such proof; Plaintiff stated it cannot produce it. See Liu's Declaration.

The Copyright Office's relatively lenient examination standards for publication evidence do not relieve Plaintiff of its burden in this Court. When a registrant claims a first publication date more than two decades before registration, and then cannot produce any contemporaneous proof of that publication—particularly when confronted with prior public disclosure on Reddit that predates even the originally claimed 2020 date—the certificate should be given little weight. Instead, the circumstances raise a legitimate degree of suspicion as to why Plaintiff is unable to

locate or produce the very evidence that would be central to a jury's determination of ownership and originality on the merits.

Without proof of the claimed 2005 first publication, and in light of the Reddit prior art, Plaintiff cannot establish ownership of a valid copyright in the work asserted against these Defendants. Consequently, Plaintiff cannot demonstrate a likelihood of success on the merits sufficient to support either the existing Temporary Restraining Order or a Preliminary Injunction.

**B. Plaintiff Cannot Establish Ownership of a Valid Copyright Because the Asserted VA 2-416-403 Copyright Lacks Originality**

A *prima facie* copyright infringement claim requires ownership of a valid copyright, which demands originality under 17 U.S.C. § 102(a). Originality requires independent creation plus a modicum of creativity. *Feist Publications, Inc. v. Rural Telephone Service Co*., 499 U.S. 340, 345 (1991). Works or elements that were in the public domain or publicly disclosed prior to the plaintiff's creation or claimed first publication lack protectability.

Here, evidence demonstrates that the work (or substantial protectable elements thereof) was publicly disclosed and freely available before any alleged creation or first publication by Plaintiff in VA 2-416-403 Copyright. A Reddit post published approximately one years before Plaintiff's claimed first publication date of August 2, 2020, displays an identical or substantially similar design (see Exhibit C, Prior Public Disclosure Evidence, including the dated Reddit publication at https://www.reddit.com/r/theydidthemath/comments/escwlq/…). A screenshot of the prior art image is shown below in Figure 1 for comparison purpose. See Figure 2 below for the work alleged in VA 2-416-403, which was alleged in Case No. 25-cv-10656, Northern District of Illinois by the same Plaintiff. See Figure 3 for accused product of Defendant muxiu.

r/theydidthemath • 7y ago
havehart

**[REQUEST] Assuming this trip actually traced/crossed the continents, how far has this plane flown?**



**Figure 1: Reddit Prior Art**



**Figure 2: Alleged Copyright Work in VA 2-416-403**



**Figure 3: Accused Product from Muxiu**

This prior public disclosure negates originality. The work fails the minimal creativity threshold required by Feist or, alternatively, resides in the public domain. See *Feist*, 499 U.S. at 348–49 (facts and elements lacking creativity are unprotected). Courts routinely dismiss or deny injunctive relief where prior public disclosure or public-domain status is evident from the pleadings and exhibits.

Because Plaintiff cannot establish the threshold requirement of originality, it cannot show ownership of a valid copyright and therefore cannot demonstrate a likelihood of success on the merits.

**C. Defendants' Products Predate Registration of at Least One Asserted Work**

Evidence of Defendants' product listings shows the accused products were displayed on or about April–May 2025, prior to the registration date of the relevant copyright. This timing further weakens Plaintiff's claim of likelihood of success. See Exhibit A for MGLIFE at p. 7 and Ex. B for muxiu at p. 7 for the accused product webpages provided by Plaintiff.

## IV. PLAINTIFF CANNOT ESTABLISH IRREPARABLE HARM

Even if Plaintiff could show a likelihood of success on the merits (which it cannot), the Temporary Restraining Order must still be dissolved and a Preliminary Injunction denied because Plaintiff has failed to demonstrate irreparable harm.

**A. No Presumption of Irreparable Harm Exists in Copyright Cases**

Following the Supreme Court's decision in *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), courts may not presume irreparable harm merely because a plaintiff has shown a likelihood of success on a copyright claim. Plaintiff must make an actual, evidentiary showing that it will suffer irreparable injury in the absence of injunctive relief and that monetary damages

would be inadequate. See also *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008). The Seventh Circuit and district courts within it apply this traditional equitable standard; no automatic presumption survives in copyright preliminary-injunction practice.

**B. Plaintiff Has Not Shown It Sells a Competing Product or Suffers Actual Harm**

Plaintiff has not demonstrated that it currently sells any product that competes with the accused products of Defendants MGLIFE or muxiu, nor has it offered evidence of lost sales, lost market share, price erosion, reputational harm, or any other concrete injury traceable to these Defendants. Absent such evidence, Plaintiff cannot satisfy the irreparable-harm requirement.

**C. Timing of Ownership Further Undermines Any Claim of Irreparable Harm**

The recordation of the relevant assignment occurred on March 11, 2026. To the extent the assignment from TYPO Craft LLC was not effective until that date (or later), Plaintiff did not own the exclusive rights it now seeks to enforce at the time the accused products were first displayed or sold. A party that did not own the copyright at the relevant time cannot claim irreparable harm flowing from infringement of rights it did not then possess.

Because Plaintiff enjoys no presumption of irreparable harm, has failed to produce evidence of actual competitive injury, and faces serious questions regarding the timing of its ownership, the irreparable-harm factor weighs decisively against continuation of the Temporary Restraining Order and against entry of a Preliminary Injunction.

## V. NO PERSONAL JURISDICTION AND IMPROPER ELECTRONIC SERVICE

Plaintiff represented to the Court that electronic service was necessary because Defendants "have provided false names and physical address information in their registrations

for the Defendant Internet Stores in order to conceal their locations and avoid liability." (Dkt. 8 at 23.)

That representation is false. The Amazon seller profiles for both MGLIFE and muxiu display authentic physical addresses. Plaintiff failed to exercise the due diligence required under Hague Convention before seeking *ex parte* relief and electronic service.

Defendant muxiu displays its physical address available at https://www.amazon.com/sp?ie=UTF8&seller=A3GOBHZLUTIB1V&asin=B0DQGK73M4&ref_=dp_merchant_link&isAmazonFulfilled=1:

**Business Name:** Jinanqianxingfangzhouguojimaoyiyouxiangongsi
**Business Address:**
历城区唐冶街道世纪大道9099号
中物科创中心23号楼1016室
济南市
山东省
250109
CN[1]

Defendant MGLIFE displays its physical address available at https://www.amazon.com/sp?ie=UTF8&seller=A2IR01IG2ELH9&asin=B0DQG54SYJ&ref_=dp_merchant_link&isAmazonFulfilled=1:

**Business Name:** shihangbinzhouguojimaoyiyouxiangongsi
**Business Address:**
惠民县李庄镇

[1] English Translation: Room 1016, Building 23, Zhongwu Science & Technology Innovation Center, No. 9099 Shiji Avenue, Tangye Subdistrict, Licheng District, Jinan City, Shandong Province, China 250109. Undersigned is proficient in both English and Mandarin and certifies that the translation is accurate.

聂索邢村72号
滨州市
山东省
251711
CN[2]

Both addresses can be found in Exhibit A and B that are provided by Plaintiff as infringing evidence. Defendants will submit declarations to support.

The Seventh Circuit's recent decision in *Kangol* underscores that a plaintiff may not obtain *ex parte* relief or alternative service based on unsupported assertions of concealment when publicly available seller information is accurate and accessible. *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co., Ltd.*, No. 25-2205, --- F.4th ---, 2026 WL 1502198 (7th Cir. May 29, 2026).

Because Plaintiff's jurisdictional and service representations were inaccurate, the Court lacks personal jurisdiction over these Defendants and the TRO should not have issued against them.

## V. CONCLUSION AND REQUESTED RELIEF

For the foregoing reasons, Defendants MGLIFE and muxiu respectfully request that the Court:

A. Dissolve the Temporary Restraining Order as applied to Defendants MGLIFE and muxiu on an expedited basis;

B. Deny Plaintiff's Motion for Preliminary Injunction as to these Defendants;

[2] English translation: No. 72, Niesuoxing Village, Lizhuang Town, Huimin County, Binzhou City, Shandong Province 251711, China. Undersigned is proficient in both English and Mandarin and certifies that the translation is accurate.

C. Vacate any asset restraint applicable to these Defendants; and

D. Grant such other and further relief as the Court deems just and proper.

Dated: August 21, 2026

Respectfully submitted,

/s/ Jianyin Liu

Jianyin Liu, Esq.
Florida Bar No. 1007675
The Law Offices of James Liu PLLC
30 N. LaSalle St., Suite 1510
Chicago, IL 60602
Telephone: (305) 209-6188
Email:
jamesliulaw@gmail.com
Counsel for Defendants MGLIFE and muxiu

**CERTIFICATE OF SERVICE**

I hereby certify that on August 21, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system on all counsel of record.

/s/ Jianyin Liu