**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Kei & Chris LLC | ) | |
| | ) | Case No. 26-cv-5130 |
| v. | ) | |
| | ) | Judge: Hon. Andrea R. Wood |
| THE PARTNERSHIPS and | ) | |
| UNINCORPORATED ASSOCIATIONS | ) | Magistrate: Hon. Heather K. McShain |
| IDENTIFIED ON SCHEDULE "A" | ) | |
| | ) | |

**PLAINTIFF'S RESPONSE TO**
**THE DEFENDANTS' MOTION TO DISSOLVE THE TRO AND**
**OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

Plaintiff, Kei & Chris LLC, by and through undersigned counsel, respectfully submits the Plaintiff's Response to the Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction. On August 21, 2026, the Defendants MGLIFE and muxiu filed a "Motion to Dissolve TRO Expeditiously and Respond in Opposition to Motion for Preliminary Injunction." (Docket #24) On August 22, 2026, the Defendants filed an "Opposition to MOTION by Plaintiff Kei & Chris LLC for preliminary injunction," (Docket #31) followed by the "Defendants' Amended Opposition to Plaintiff's Motion for Preliminary Injunction" on August 24, 2026 (Docket #32). As all three of the Defendants' Motions address the same issues, the Plaintiff files this omnibus response to the issues raised by the Defendants.

## I. Introduction

The Defendants' claims that the Plaintiff failed to disclose a previous related case are unfounded and erroneous. The Defendants' claims that the Plaintiff lacks standing are also incorrect, as the Plaintiff holds all rights to the works that are the subject of the suit, and has

demonstrated a likelihood of success on the merits. And finally, the claims regarding improper service are moot, as the Plaintiff has not initiated service. To obtain a preliminary injunction, the movant must show a likelihood of success on the merits, an inadequate remedy at law, and irreparable harm absent the injunction; if that threshold is met, the court balances the harms and considers the public interest. *Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021); *Girl Scouts of Manitou Council v. Girl Scouts of the U.S.A.*, 549 F.3d 1079, 1086 (7th Cir. 2008); *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). On likelihood of success, the movant must demonstrate more than a mere possibility of success, though it need not show it is more likely than not to prevail. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762–63 (7th Cir. 2020).

Accordingly, the Plaintiff asks this Court to grant its motion for Preliminary Injunction and allow it to proceed in its action against MGLIFE and muxiu.

**II. Failure to Disclose a Related Case**

In their opposition, the Defendants allege that the Plaintiff has failed to disclose a related case and violated the “duty of candor”. This accusation is entirely unfounded.

The previous case, Kei & Chris LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule A, Case No. 25-cv-10656 (N.D. Ill.) was adjudicated and terminated on March 5, 2026. 25 CV 10656, Dkt. #46 (N.D. Ill.).

Local Rule 40.4 “Related Cases, Reassignment of Cases as Related” clearly states, in LR 40.4(b)(1) that as a condition of reassignment “both cases are pending in this Court”. However, having been already terminated, the previous case was *not* pending at the time of filing of the instant case. Additionally, the Civil Cover Sheet (form JS 44) clearly states in the instructions,

"This section of the JS 44 is used to reference related **pending** cases, if any." (Form, JS 44, *emphasis added*). Finally, neither MGLIFE nor muxiu were defendants in the previous case. See Declaration of David Gulbransen at ¶9.

As there was not a "pending" related case, nor did the case cited by the Defendants *involve* the Defendants, Plaintiff was under no duty to disclose the 25-cv-10656 as a pending related case, and indeed, doing so would run counter to both the Local Rule and the Civil Cover Sheet instructions.

**III. Likelihood of Success on the Merits**

Defendants claim that the Plaintiff has not established a "likelihood of success on the merits" on the basis that "no proof of trademark was alleged" that the copyright lacks a presumption of validity, lacks originality, and that the Plaintiff lacks standing. All are based on erroneous conclusions by the Defendants and are counter to the evidence already presented to date in the Plaintiff's pleadings.

**A. Copyright Claim**

The Defendant claims that the Motion for Preliminary Injunction must fail because there is no claim raised in the complaint for trademark infringement. Docket #32, Def. Mot. p.3. This is likely due to a typographic error in the Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for a Preliminary Injunction on page 4, stating "Defendants have infringed upon Plaintiff's federally registered trademarks." (Docket #8). However, the Complaint *clearly* pleads Copyright Infringement and seeks damages and injunctive relief under 17 U.S.C. §501 et seq. (Docket #1). The Plaintiff also, in its Motion for Temporary Restraining Order, properly pleads, with supporting evidence that it owns the valid copyright, and that the infringing work of the Defendants is a direct copy of the registered work Docket #8, p.15. *See also* TRO

Memorandum, Exhibit 1 to the Decl. of Junqi Deng, Docket #9. As the Defendant points out in their opposition, the Complaint governs the claims, and the Complaint properly alleges Copyright Infringement.

**B. Presumption of Validity and Originality**

The Defendant argues that the Plaintiff's Copyrights lack the statutory presumption of validity, and that the work is not sufficiently original. In support of these claims, the Defendant posits because there is no *presumption* of validity, the copyright is therefore *not* valid. And additionally, they offer a public posting of the work dating to 2020 from a Reddit Forum, as evidence of the pre-existence of the work, making it somehow unoriginal. Docket #32, pp.4-6.

A public posting prior to the *registration* of the work does not establish that the work didn't exist prior to the registration, which it did in this case, the publication date on the Certificate is 2005, predating even the Reddit posting by 15 years. There is also no evidence presented by the Defendant that the work posted was not, in itself, merely an infringement of the registered work.

With respect to the presumption of validity, the Defendants are incorrect that failure to register a work within five-years means the work is not presumed valid. The Copyright Act, in 17 U.S.C. § 410(c) clearly states "The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court." As noted by the Court in *Southall v. Force Partners, LLC*, "the last sentence is crucial here: Section 410(c) confers discretion on the court on how to treat a certificate obtained five years after publication. In other words, the statute mandates a presumption of validity for pre-five-year certificates, but the statute does not forbid a presumption of validity for post-five-year certificates. Post-five-year certificates are still eligible to qualify as prima facie evidence of a valid copyright." No. 1:20-cv-

03223, 2021 U.S. Dist. LEXIS 164680, at *7 (N.D. Ill. Aug. 31, 2021). See also *Yurman Design, Inc. v. Golden Treasure Imps., Inc.*, 275 F. Supp. 2d 506, 515-16 (S.D.N.Y. 2003) (holding that late registrations can be considered prima facie evidence of valid copyright); *Telerate Sys., Inc. v. Caro*, 689 F. Supp. 221, 227 n. 7 (S.D.N.Y. 1988).

With respect to originality, the Plaintiff alleges that the work cited by the Defendants posted to a Reddit Forum in 2020 is, in fact, a copy of the Plaintiff's own work, which was created in 2005. The cited Reddit post does not claim to be the author of the posted work; it is merely a post referencing the work, which does not establish any kind of authorship or claims to the work at all. The Plaintiff's work existed for over 15 years prior to the Reddit post. The original work was created in 2005. Because the creation occurred over 20 years ago, the Plaintiff does not have the original file, however, they were able to locate a copy of the graphic, dating to November 10, 2005, with supporting file metadata confirming the file creation date. Declaration of Jianhao Zhao, ¶7, Ex.2. This evidence is offered to refute the Defendants' claim that the 2020 Reddit posting constitutes "prior art" and supports a presumption of validity by the Court.

Given the existence of the file in possession of the Plaintiff, dating to 2005, as well as the lack of any substantive evidence from the Defendants that the posted work is not, in fact, actually the Plaintiff's work, the presumption of validity and originality of the work stands and the work is properly owned by the Plaintiff. Prior "public disclosure" of a registrant's own work either by the registrant, or by an infringer in no way invalidates the work.

**C. Lack of Standing Based on Ownership of Rights**

The Defendant argues that the Plaintiff did not own the work at the time of infringement and therefore lacks standing for the suit. However, the Plaintiff's well-pleaded Complaint includes the recording of the transfer of the work by the U.S. Copyright Office. Docket #1, Ex. 1.

To further evidence the Plaintiff's rights in enforcement and proper standing, the Copyright Assignment Agreement itself clearly grants the Plaintiff, "all claims and causes of action… including all rights to and claims for damages, restitution, and injunctive and other legal and equitable relief for past, present, and future infringement…" Zhao Decl. Ex. 1, ¶1(d).

**D. Lack of Irreparable Harm**

The Defendant argues that the Plaintiff cannot establish irreparable harm, on the basis that it 1) does not sell a competing product, 2) that the "timing of ownership further undermines any claim of irreparable harm". Unfortunately for the Defendant, both factors do, in fact, favor the Plaintiff.

The Defendant is correct that the Supreme Court held in *eBay Inc. v. MercExchange, L.L.C.* required a traditional analysis in equity of irreparable harm but failed to note that the Court also rejected the notion that right holders must offer their products for sale, noting they "might reasonably prefer to license their patents, rather than undertake efforts to secure the financing necessary to bring their works to market themselves". 547 U.S. 388, 393 (2006). The Supreme Court further held, in a copyright context, the rights holder is under no obligation to exploit the work in order to enforce it. *Stewart v. Abend*, 495 U.S. 207, 228–29 (1990). However, the point is rendered moot by the fact that the Plaintiff does offer the work for sale, through retail partners and their own website. Declaration of Junqi Deng at ¶5. The Plaintiff competes with the Defendants for online sales, and the harm is loss of sales and potential price erosion, which is difficult, if not impossible to quantify. *Kraft Foods Group Brands LLC v. Cracker Barrel Old Country Store, Inc.*, 735 F.3d 735, 741 (7th Cir. 2013).

As stated previously, the Defendant's claims that the Plaintiff could not claim any irreparable harm due to the assignment is negated by the fact that the assignment granted the Plaintiff *all* rights, including the right to pursue remedy for past infringement.

The Defendant's opposition does not address the balance of harms or the public interest, but the Plaintiff has addressed both those issues in its previous filings for the Temporary Restraining Order. Docket #8, pp. 18-19.

**E. The Asset Restraint Is Properly Tailored and Supported by Plaintiff's Equitable Claims**

Defendants ask the Court to vacate the asset restraint but offer no authority for doing so. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, expressly preserved the district court's authority to restrain assets where the plaintiff seeks equitable relief. 527 U.S. 308, 325 (1999). Plaintiff seeks disgorgement of Defendants' profits under 17 U.S.C. § 504(b), an equitable accounting in addition to injunctive relief under §§ 502 and 503. The restraint therefore secures a remedy the Court has authority to grant.

The restrained amounts are also conservative. Platform sales data reflect 914 units sold by MGLIFE and 11,673 units sold by muxiu, 12,587 units in total. Gulbransen Decl. at ¶¶12-13. At the listed prices of $14.99 and $19.99, gross revenue exceeds $247,000. The restrained sums total $12,870.05, roughly five percent of gross revenue. Under § 504(b), Plaintiff need prove only Defendants' gross revenue; Defendants bear the burden of establishing deductible expenses and any profit attributable to factors other than the infringement. The restraint is thus well below, not in excess of, Plaintiff's likely recovery.

**IV. Jurisdiction and Service of Process**

Finally, The Defendants claim a lack of personal jurisdiction and improper electronic service, although offer no evidence that the Plaintiff's "jurisdictional" representations were inaccurate.

The Seventh Circuit, in *Yinnv Liu v. Monthly*, held that mere screenshot evidence was insufficient to establish personal jurisdiction. 170 F.4th 1090, 1093 (7th Cir. 2026). However, the Plaintiff here has presented more than screenshot evidence; the Plaintiff has shown that the Defendants listed the product for sale, offered the product for sale within the District, took orders for sales within the District, completed sales within the District, and delivered infringing products within the District. TRO Deng Decl. Ex. 2, Docket #9. Therefore, consistent with the jurisprudence within the Seventh Circuit, the Plaintiff has established this Court has personal jurisdiction over the Defendants.

The Defendant also claims that under the Seventh Circuit's decision in *Kangol LLC v. Hangzhou Chuanyue Silk Import & Export Co*. that a Plaintiff may not obtain *ex parte* relief on unsupported assertions of concealment. 177 F.4th 793 (7th Cir. 2026). However, this is not a holding in *Kangol* at all. The holding in *Kangol* relates to alternate service of process and the validity of email service under the *Hague Convention*. Plaintiff agrees that *Kangol* holds email service of process is not valid if the *Hague Convention* is applicable. That is why the Plaintiff withdrew any motion for alternate service in the August 7, 2026 motion hearing, and the court did not grant any motion for alternate service. Docket #14.

The Plaintiff has not served process to the Defendants. The Plaintiff *has* provided notice of the Motion for Preliminary Injunction under Rule 65. The Seventh Circuit has held in *H-D Mich., LLC v. Hellenic Duty Free Shops S.A.* that service of process is not required for injunctive relief and that actual notice under Rule 65 is sufficient, specifically due to potential delays

introduced into the service process by international agreements such as the *Hague Convention.* 694 F.3d 827, 842 (7th Cir. 2012) ("…because formal service of process under the Hague Convention or other provisions of law can take months, acceptance of [defendant's] argument would have the unfortunate effect of immunizing most foreign defendants from needed emergency injunctive relief. There is a reason Rule 65 allows emergency injunctive relief before service of process, and this case provides a good example.")

Due diligence as to Defendants' registered addresses was not possible before expedited discovery under the TRO. Having now received the platform's contact information and conducted that diligence, Plaintiff concedes that the address information for Defendant muxiu appears valid and will be seeking service of process through the Chinese Central Authority, if necessary. However, the Plaintiff's investigations show that the address provided by Defendant MGLIFE appears to be that of a different company, "Binzhou Jinhang Grain Trade Co., Ltd." based on the signage at the address, and does not appear to be a deliverable address. Deng Decl. at ¶¶7-11. As there does not appear to be a valid, known address for Defendant MGLIFE, Plaintiff intends to motion for alternate service for this Defendant, as under Article 1 of the Hague Convention, it would not apply to this Defendant.

Additionally, Plaintiff has tendered a Waiver of Service request to the Defendants on August 31, 2026.

## V. Conclusion

Having established there was no duty to disclose an adjudicated, terminated case, and no improper conduct regarding disclosure of related cases; and, having established ownership of all rights in the works, as well as a likelihood of success, irreparable harm, and jurisdiction, the

Plaintiff requests that the Court deny the Defendants' Motion to Dissolve the TRO, and the Court grant the Plaintiff's Motion for Preliminary Injunction against Defendants MGLIFE and muxiu.

Dated: September 1, 2026

Respectfully submitted,

By: /s/David Gulbransen
David Gulbransen
Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen
805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the September 1, 2026, the PLAINTIFF'S RESPONSE TO THE DEFENDANTS' MOTION TO DISSOLVE THE TRO AND OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION was filed with the CM/ECF system. The Defendants will also be provided notice September 1, 2026, via email to their counsel of record.

By: /s/ David Gulbransen
David Gulbransen
Attorney of Record

David Gulbransen (#6296646)
Law Office of David Gulbransen

805 Lake Street, Suite 172
Oak Park, IL 60302
(312) 361-0825 p.
(312) 873-4377 f.
david@gulbransenlaw.com