**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

KEI & CHRIS LLC,
Plaintiff,

Case No. 1:26-cv-05130
Hon. Andrea R. Wood

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"
Defendants.

_________________________________/

**DEFENDANTS MGLIFE AND MUXIU'S REPLY IN SUPPORT OF MOTION TO DISSOLVING THE TRO**

Defendants MGLIFE and muxiu hereby reply to Plaintiff's Response to Defendants' Motion to Dissolve the TRO and Opposition to Plaintiff's Motion for Preliminary Injunction [DE 35] (the "Response"). Plaintiff's Response and the Zhao, Deng, and Gulbransen declarations do not close the holes in likelihood of success, irreparable harm, or the *ex parte* freeze. They confirm them.

**I. The "2005 file" is not proof of first publication**

The certificate for VA 2-471-296 claims first publication on January 6, 2005. Registration was November 18, 2025—about 20 years later. Under 17 U.S.C. § 410(c), that certificate is not *prima facie* evidence of validity. Weight is in the Court's discretion. Plaintiff must prove ownership, originality, and the publication date. *Feist Publications, Inc. v. Rural Telephone Service Co*., 499 U.S. 340, 345, 361 (1991); 17 U.S.C. § 102(a). Facts, ideas, and matter already in the public domain are not protectable. Id. at 348–49.

On August 21, 2026, Defendants asked for proof of the January 6, 2005 publication. Counsel said he would ask the client and the assignor. Gulbransen Decl. ¶¶ 3–4. What arrived is Zhao Exhibit 2: a photograph of a camera LCD showing a line-drawing and the digits "11/10/2005." That is not:

- the original digital file;
- EXIF or other extractable metadata from a native file;
- evidence of publication on January 6, 2005; or
- a chain of custody from 2005 to 2026.

Zhao admits "the original file which dates to the original claimed publication date is no longer available." Zhao Decl. ¶ 6. The camera-screen photo is dated November 10, 2005—not the certificate's January 6, 2005. Creation and publication are different statutory facts. A picture of a camera can be taken of any drawing on any date. It does not prove the work was published to the public on January 6, 2005, or that Typo Craft authored it then.

The 2020 Reddit post (Dkt. 24-3) is a dated public disclosure of the same (or substantially the same) world-map-and-airplane drawing. Plaintiff now says that post was an infringement of a 2005 work it cannot produce. That inverts the PI burden. Plaintiff must make a clear showing of likely success. *Winter; Life Spine, Inc. v. Aegis Spine, Inc.*, 8 F.4th 531, 539 (7th Cir. 2021). A late registration plus a snapshot of a camera does not clear a substantial question of originality and priority. *Feist Publ'ns, Inc.*, 499 U.S. 340, 345.

**II. Standing and timing still cut against a PI**

Typo Craft allegedly assigned to Kei & Chris on February 27, 2026. Zhao Decl. ¶ 5. Recordation was March 11, 2026. Defendants' accused listings and test purchases were April/May 2025—before Plaintiff owned the work. An assignment of "past claims" may let Plaintiff sue for damages. It does not create irreparable harm to Kei & Chris from sales that occurred when Kei & Chris had no exclusive rights. Harm that accrued to a different owner is not a reason to freeze these two stores now.

**III. Related-case candor is not limited to LR 40.4**

Plaintiff says 25-cv-10656 was closed, so LR 40.4 and the JS-44 "pending case" box did not require disclosure. That is not the issue. The issue is *ex parte* practice. In 25-cv-10656 Plaintiff asserted the same franchise of rights; Defendants' counsel challenged validity with prior public disclosure; Plaintiff dismissed with prejudice. In this case Plaintiff added VA 2-471-296 with a 2005 publication date to step around that prior art. The Court was entitled to know that history before an *ex parte* TRO. Duty of candor on an *ex parte* application is broader than a reassignment rule. See *generally* Fed. R. Civ. P. 65; Model Rule 3.3. That 10656 named different Amazon sellers is irrelevant. The copyright is the same fight.

**IV. Irreparable harm is still not shown**

Deng's statement that Kei & Chris sells décor online does not identify a competing SKU of this drawing on these shadow boxes, or lost sales caused by MGLIFE or muxiu. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388 (2006), rejected automatic injunctions. Kraft Foods is a trademark/confusion case. Copyright statutory damages and an accounting, if Plaintiff ever proves a valid work and copying, are adequate. A freeze entered when Plaintiff did not own the work, on a registration filed 20 years late, is not irreparable-harm equity.

## V. Service and addresses

Plaintiff now concedes muxiu's address "appears valid" and will use the Chinese Central Authority if needed. That concession is *Kangol*: do the diligence before telling the Court addresses are fake. *Kangol Ltd. v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793 (7th Cir. 2025). The *ex parte* papers said defendants conceal locations. Muxiu did not. A Gaode Maps photo of a grain company at MGLIFE's listed site, offered after the TRO, is not a substitute for pre-TRO diligence.

MGLIFE's listed address is a real location; Plaintiff's after-the-fact Gaode Maps photos of a grain-trade sign do not make the address "fake." A seller is not required to maintain a showroom or office at the address used on a platform registration. Companies register a legal or mailing address. A warehouse, a related entity, a village committee building, or a shared commercial plot can be a true address even if the door says something else. Hague diligence is whether the address is a known, usable place for service—not whether the accused product is sold from that doorway.

Rule 65 notice of a PI motion is not personal jurisdiction and is not service of the complaint. Plaintiff still has not served. A continuing asset freeze against parties the Court has not served, on a work whose 2005 publication is a camera photo, is inequitable.

## VI. The sales spreadsheet does not prove the PI factors

Gulbransen's unit counts (914 and 11,673) are platform totals. They do not prove those units copied this work, that Plaintiff owned the work when they sold, or that $12,870 must stay frozen. *Grupo Mexicano* does not authorize a freeze whenever a plaintiff labels profits

"equitable." The Court should dissolve the TRO as to these Defendants and deny the PI. *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 332-33 (1999).

**VII. Request**

Defendants requuest that the Court Deny the preliminary injunction as to MGLIFE and muxiu; dissolve the TRO and asset restraint as to them; and grant such other relief as is just.

Dated: September 2, 2026

Respectfully submitted,

/s/ Jianyin Liu
JIANYIN LIU (pro hac vice)
Florida Bar No. 1007675
15750 SW 92ND AVE UNIT 20C
PALMETTO BAY, FL 33157
Email: jamesliulaw@gmail.com
Phone: (305) 209-6188

Counsel for Defendants MGLIFE and muxiu

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2026, a true and correct copy of the foregoing was served via the Court's CM/ECF system upon all counsels of record.

/s/ Jianyin Liu